# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

ROBERT BELL, JR.,                    )
                                     )
      Petitioner,              )
                                     )
    v.                          )      No. 4:19CV919  HEA
                                     )
JEFF NORMAN,                         )
                                     )
      Respondent.              )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on petitioner Robert Bell, Jr.'s motion for leave to proceed in forma pauperis, and his petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The Court will grant petitioner leave to proceed in forma pauperis, and will summarily dismiss the petition because it is successive and was filed without authorization from the Eighth Circuit Court of Appeals.

## Background

In 2004, a jury in the St. Louis City Circuit Court found petitioner guilty of first-degree murder, and he was sentenced to life imprisonment without the possibility of parole. *See State v. Robert Bell,* No. 22031-00035-01 (22nd Jud. Cir. Apr. 30, 2004). The Missouri Court of Appeals affirmed petitioner's conviction, and also affirmed the denial of petitioner's motion for post-conviction relief. In December of 2008, petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, seeking to challenge his 2004 conviction and sentence. *See Bell v. Steele*, No. 4:08-cv-1950-HEA/MLM (E.D. Mo. Dec. 11, 2008). However, on August 3, 2009, petitioner filed a motion to voluntarily dismiss the petition to allow him to

pursue further state remedies. On August 24, 2009, the Court granted petitioner's motion and dismissed the petition, without prejudice. Petitioner pursued further remedies in state court.

On June 4, 2010, petitioner filed another petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, seeking to challenge his 2004 conviction and sentence. *See Bell v. Steele*, 4:10-cv-1037-HEA/MLM (E.D. Mo. Jun. 4, 2010). On September 30, 2011, that petition was denied and dismissed as untimely. On October 3, 2011, petitioner, through appointed counsel, filed a motion for reconsideration, asking the Court to vacate its dismissal and allow him to file an amended petition. The Court construed petitioner's motion as a motion to alter or amend the judgment under Rule 59 of the Federal Rules of Civil Procedure, granted the motion, vacated its order dismissing the case, and allowed petitioner leave to file an amended petition. Petitioner filed an amended petition, and on October 23, 2014, the Court dismissed it as untimely. Petitioner appealed, and on March 11, 2015, the Eighth Circuit Court of Appeals dismissed the appeal.

On April 11, 2019, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to challenge the same 2004 conviction and sentence. Briefly, petitioner claims that his right to speedy trial was violated, that his DNA and the victim's DNA were nearly identical, that the prosecution destroyed exculpatory evidence, and that a St. Louis City Police Department criminalist committed perjury. He states his "first petition was denied because appointed counsel was ineffective my actual innocence, if proved, serves as a gateway." (Docket No. 1 at 14).

**Discussion**

Petitioner seeks to challenge the same conviction and sentence he challenged in his 2010 petition, which was adjudicated on its merits. Therefore, the Court determines that the instant petition is a second or successive petition. *See Diaz-Diaz v. United States*, 297 F. App'x 574, 575 (8th Cir. 2008) (per curiam) (holding that a denial of a § 2255 petition as untimely is considered to be made on the merits); *Johnson v. Workman*, 446 F. App'x 92, 93 n.1 (10th Cir. 2011) ("The dismissal of a § 2254 petition as time-barred is a decision on the merits for purposes of determining whether a subsequent petition is second or successive"); *McNabb v. Yates*, 576 F.3d 1028, 1029-30 (9th Cir. 2009) (same); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (same); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) (per curiam) (same). Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive petition that is permitted by § 2244(b) is filed in this Court, the petitioner must obtain an order from the Eighth Circuit Court of Appeals authorizing this Court to consider the petition. Petitioner does not allege, nor does independent inquiry reveal, that he obtained such leave before filing the instant petition. Therefore, this Court lacks jurisdiction to consider it. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007).

The Court finds it would not be in the interest of justice to require the transfer of this case to the Eighth Circuit Court of Appeals, and will instead dismiss the petition for lack of jurisdiction. To the extent that petitioner seeks to re-litigate claims that he brought in his 2010 petition, those claims are denied pursuant to 28 U.S.C. § 2244(b)(1). Finally, the Court finds that petitioner has not made a substantial showing that he was denied a constitutional right, and will therefore not issue a certificate of appealability.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus is **DENIED AND DISMISSED**. A separate Order of Dismissal shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 19th day of April, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE